UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7004-CAS-(Ex) | Date | September 14, 2012 |
|---|---|---|---|
| Title | U S BANK NATIONAL ASSOCIATION VS. GRANT GILMORE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED

**I.  INTRODUCTION**

On June 14, 2012, plaintiff U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, National Association as Successor by Merger to Lasalle Bank NA as Trustee for Washington Mutual Mortgage Pass-Through Certificates Wmalt Series 2007-05 Trust, filed an unlawful detainer action in Los Angeles County Superior Court against *pro se* defendants Grant Gilmore and Does 1 to 6, inclusive.

On August 14, 2012, defendant Gilmore filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446.  Defendant alleges that this court has jurisdiction to hear the instant case because of violations of New York and federal law, including the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.  Defendant also argues that this Court has jurisdiction pursuant to an expressly authorized exemption to the well-pleaded complaint rule under 28 U.S.C. § 1443.  Defendant also asserts that diversity jurisdiction exists under 28 U.S.C. § 1332.  See Dkt. No. 1.

**II.  ANALYSIS**

As an initial matter, the notice of removal appears to be untimely.  Pursuant to 28 U.S.C. §1446(b), a notice of removal in a civil action must be filed within thirty days after the defendant receives a copy of the complaint or summons.  Here, the action was initiated on June 14, 2012, yet defendants did not remove until August 14, 2012.  Thus, the removal appears to be untimely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7004-CAS-(Ex) | Date | September 14, 2012 |
|---|---|---|---|
| Title | U S BANK NATIONAL ASSOCIATION VS. GRANT GILMORE ET AL. | | |

Second, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007). Here, the only claim asserted by plaintiffs is for unlawful detainer against defendants. See Dkt. No. 1. Defendant cannot create federal subject matter jurisdiction by attempting to raise a defense under the federal securities laws or other body of federal law. See McAtee, 479 F.3d at 1145. Accordingly, the Court appears to lack subject matter jurisdiction based on a federal question. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6.

Moreover, removal pursuant to 28 U.S.C. § 1443 also appears to be improper. To remove this case pursuant to 28 U.S.C. § 1443 , petitioner must satisfy a two-part test. See Georgia v. Rachel, 384 U.S. 780, 788–92, 794–804 (1966); City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824–28 (1966). Petitioners must demonstrate that: (1) as a defense to a civil action or prosecution, they have asserted "rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "that the state court upholds a statute or constitutional provision that orders the state court not to enforce those federally protected civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). Defendant has not identified a relevant California statute that would preclude him from asserting any of his federal civil rights; therefore, it appears that defendant is unable to satisfy this two-part test. See Union Bank v. Lebow, 2012 U.S. Dist. LEXIS 60152, *3–4 (C.D. Cal. Apr. 27, 2012). Accordingly, 28 U.S.C. § 1443 does not appear to confer subject matter jurisdiction upon this Court over the instant case.

Finally, defendant also claims that the district court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. However, defendant does not allege that plaintiff and defendant are citizens of different states. 28 U.S.C. § 1332(a)(1). Nor does defendant appear to adequately assert that the amount in controversy exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a). In unlawful detainer actions, the title to the property is not at issue—only the right to possession. See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-7004-CAS-(Ex) | Date | September 14, 2012 |
|---|---|---|---|
| Title | U S BANK NATIONAL ASSOCIATION VS. GRANT GILMORE ET AL. | | |

determined by the amount of damages sought in the complaint, rather than the value of the subject real property. Id. Here, plaintiff seeks less than $10,000 in damages. See Dkt. No. 1. Therefore, the Court does not appear to have subject matter jurisdiction based on diversity of citizenship.

### III.   CONCLUSION

Defendants are hereby ORDERED to SHOW CAUSE on or before October 3, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |